UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANDRA BRADEN,

                Plaintiff,

v.                                       Case No. 14-2273-EFM

MORGAN & ASSOCIATES PC,

                Defendant.

## ORDER

This lawsuit arises from the debt collection practices of defendant Morgan & Associates PC, in attempting to collect a debt owed by plaintiff Sandra Braden to Citibank N.A. Plaintiff asserts claims under the Fair Debt Collection Practices Act[1] ("FDCPA"), and the Kansas Consumer Protection Act ("KCPA").[2] The matter is presently before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiff's motion to amend her complaint **(ECF doc. 19)**. Specifically, plaintiff seeks to add a claim for a separate and alternative violation of the FDCPA[3] and to supplement her KCPA claim with information she recently learned from the motion for summary

---

[1] 15 U.S.C. § 1692(c).

[2] Kan. Stat. Ann. §§ 50-626 to 50-627.

[3] 15 U.S.C. § 1692(e).

judgment defendant filed on October 1, 2014.[4]  Defendant opposes plaintiff's motion, arguing that plaintiff's proposed amendments are unduly delayed, prejudicial, and futile. For the reasons discussed below, plaintiff's motion is granted.

I.      Background

Defendant is a law firm that specializes in collecting unpaid consumer debt. Specifically, defendant provides debt collection and legal services for Citibank, N.A. as an independent contractor.  In December 2013, Citibank, N.A. engaged defendant to collect a debt owed by plaintiff.  On December 23, 2013, defendant sent a letter (the "Letter") directly to plaintiff notifying her that the account had been referred to defendant for collection and provided her with the creditor's name, the creditor account number, and the amount owed.  According to defendant, it had no knowledge that plaintiff was represented by counsel with respect to the debt when it sent the Letter.  However, plaintiff had retained counsel in September 2013 to represent her in litigation initiated by Citibank, N.A. regarding the same account, which was pending in the District Court of Johnson County, Kansas when defendant sent the Letter.

Plaintiff filed suit against defendant on May 1, 2014 in the District Court of Wyandotte County, alleging two claims for violations of the FDCPA and the KCPA. The FDCPA establishes civil liability for debt collectors who attempt to collect amounts

---

[4] ECF doc. 18.

not permitted by law.[5]  The KCPA was enacted "to protect consumers from suppliers who commit deceptive and unconscionable practices."[6]  Plaintiff alleges defendant violated the FDCPA and the KCPA by communicating with her in connection with the collection of the debt while she was represented by counsel with regard to such debt.  On June 6, 2014, defendant removed the Wyandotte County case to the United States District Court for the District of Kansas.[7]  The undersigned entered a scheduling order on August 25, 2014, setting a January 30, 2015 discovery deadline and an October 20, 2014 deadline to file motions to amend.[8]  The deadline for all other potentially dispositive motions is not until March 3, 2015.

On October 1, 2014, defendant filed a motion for summary judgment, asserting that defendant had no actual knowledge that plaintiff was represented by an attorney when it sent the Letter directly to her.[9]  Defendant argued that because there must be actual knowledge of the representation for liability to attach, the presiding U.S. District Judge, Eric F. Melgren, should grant its motion for summary judgment.  In support of its motion, defendant attached the affidavit of Bobby Irby, the supervising litigation attorney in defendant's Oklahoma office.  Plaintiff asserts that she learned information for the first

---

[5] 15 U.S.C. § 1692 *et seq.*

[6] K.S.A. § 50-623(b).

[7] ECF doc. 1.

[8] ECF doc. 12.

[9] ECF doc. 18.

time from this affidavit that forms the basis for her additional claim and refined allegations in the proposed amended complaint.

II. Analysis

In her proposed amended complaint, plaintiff seeks to add an additional claim for a separate and alternative violation of the FDCPA[10] and to supplement her KCPA claim with allegations of "misrepresentations regarding both an attorney's involvement and assessment of the account."[11] Specifically, plaintiff asserts that she did not know that "James Nelson, the Kansas attorney who purportedly reviewed and signed the letter, had not signed the letter and that no Kansas attorney had reviewed the file."[12] Rather, Bobby Irby signed the Letter for Mr. Nelson.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The scheduling order set a deadline of October 20, 2014, for amending the pleadings.[13] Because plaintiff timely filed the instant

---

[10] 15 U.S.C. § 1692(e).

[11] ECF doc. 20 at 5.

[12] ECF doc. 33 at 1.

[13] ECF doc. 12.

motion by October 20, 2014, the court will only evaluate the proposed amendment under Rule 15.[14]

Rule 15 dictates that the court "should freely give leave when justice so requires."[15] Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to freely give leave is a "mandate … to be headed."[16] "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[17] Defendant argues that plaintiff's proposed amendments are unduly delayed, prejudicial, and futile.

<u>Undue delay.</u>  When determining whether a party has "unduly delayed" in seeking amendment, the "[e]mphasis is on the adjective."[18] "Lateness does not of itself justify the

---

[14] *See, e.g., Five Rivers Ranch Cattle Feeding, LLC v. KLA Env't Servs., Inc.*, No. 08-2185, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010); *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

[15] Fed. R. Civ. P. 15(a)(2).

[16] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[17] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

denial of an amendment."[19]  Rather, the Tenth Circuit has directed that the court's focus should be on "the reasons for the delay."[20]  The court may refuse leave to amend "when the party filing the motion has no adequate explanation for the delay."[21]

Plaintiff asserts that the information giving rise to her new claims and allegations was not known until October 1, 2014, when defendant filed its motion for summary judgment and supporting affidavit.  Defendant disagrees.  Defendant asserts that Mr. Irby was identified in its Rule 26 disclosures, which were served on August 18, 2014.  Defendant asserts that account notes were included in the disclosures and Mr. Irby was identified in those notes.  Further, defendant states that the account notes state that on December 23, 2013, plaintiff's account was reviewed and the Letter was signed and sent by Mr. Irby.  Therefore, defendant argues that plaintiff cannot claim to have been surprised when defendant submitted the affidavit of Mr. Irby with its motion for summary judgment, stating that Mr. Irby reviewed the account and approved and signed the Letter.  Because plaintiff waited two months to request leave to amend after receiving defendant's disclosures and twenty days after defendant filed its motion for summary judgment, defendant argues plaintiff's motion is unduly delayed.

Plaintiff responds that the defendant cannot claim undue delay because the deadline for amendments has not passed.  Plaintiff insists that the information giving rise

---

[19] *Id.* (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[20] *Id.* at 1206.

[21] *Id.* (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

to the new claim was solely in the possession of defendant and plaintiff had no way of knowing that the signature on the Letter was not James Nelson's until defendant filed its motion for summary judgment.  Plaintiff asserts that she diligently moved to amend as soon as it became apparent that the amendment was necessary.   Because the deadline to amend has not passed and the discovery period is still open, plaintiff asserts her motion is not unduly delayed.  Further, plaintiff insists that the "code" in defendant's collection notes was insufficient to put her on notice that Mr. Nelson did not sign the Letter.[22]

Plaintiff argues that she learned through defendant's motion for summary judgment that a different attorney, one not licensed in Kansas, was responsible for reviewing the account and signing and submitting the Letter.  Defendant claims plaintiff has had this information for two months per its initial disclosures.  Regardless, plaintiff has filed her motion to amend within the deadline for amending the pleadings set forth in the court's scheduling order.  Discovery is still ongoing and is not set to close until January 30, 2015.  The parties will have ample time to conduct discovery, and defendant will have significant time to prepare dispositive motions relating to the propriety of plaintiff's additional claim as the dispositive motion deadline is not until March 3, 2015.  As plaintiff filed her motion prior to the deadline set forth in the scheduling order and there is ample time for the parties to conduct discovery and for defendant to file

---

[22] *See* ECF doc. 33 at 3 (the "code" in defendant's collection notes read as follows: "(041) 0956 12-23-13 ACCT REVIEWED, LTR SIGNED AND SENT BY ATTY IRBY – LETTER S").

dispositive motions, the court does not find that the amendment should be disallowed on the basis of undue delay.

Prejudice. "Absent a finding of flagrant abuse, bad faith, or futility, the determining factor in evaluating a motion to amend should be the prejudice to the opposing party."[23] The party opposing the amendment has the burden to show some specific way in which it will be prejudiced.[24] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[25] This most often occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.[26]

Defendant claims it would be prejudiced by the assertion of an "entirely new action" by plaintiff.[27] Defendant argues that the facts have been known since early in the case and it would be highly prejudicial to it for plaintiff to "shift theories in midstream

---

[23] *Steinert v. The Winn Group*, 190 F.R.D. 680, 683 (D. Kan. 2000) (citing *Phelps v. Hamilton*, 166 F.R.D. 489, 491 (D. Kan. 1996)).

[24] *Id.* (citing *Phelps*, 166 F.R.D. at 491).

[25] *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[26] *Id. See R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751-52 (10th Cir. 1975) (finding no prejudice when "[t]he amendments did not propose substantially different issues.").

[27] ECF doc. 26 at 4.

because the original theory is unsupportable."[28]  Defendant asserts that it will be prejudiced because granting leave to amend will increase the cost of this litigation and it will have to defend against a new claim, including filing an amended answer, conducting additional discovery, and then filing a renewed motion for summary judgment. Defendant suggests that plaintiff is only seeking leave to assert a new claim as an attempt to avoid summary judgment being granted in defendant's favor on the original complaint.

Plaintiff's amendment is not based on information she had prior to filing her original complaint.  It is based on information she learned as early as August when defendant submitted its initial disclosures, or as late as October when defendant filed its affidavit in support of its motion for summary judgment.  Plaintiff's new claim and allegations arise from the same set of facts as those set out in her original complaint— they are just refined facts with more detail than before because she did not learn who actually signed the Letter until recently.  Defendant has failed to show how or why this unfairly affects its ability to prepare a defense to the new allegations.  This is especially true in light of the fact that defendant has almost two months to conduct additional discovery, three months to file dispositive motions, and the trial date has not been set yet. And while it's true that defendant will have to file an amended answer, possibly conduct additional discovery, and may choose to file another dispositive motion, the increase in the cost of litigation does not rise to the level of undue prejudice.  Further, the additional

---

[28] *Id.*

discovery needed in light of the new allegations appears nominal at best. Defendant has not shown that it will be unduly prejudiced if the court grants plaintiff leave to file the proposed amended complaint.

If plaintiff fails on the merits of her original claims, defendant argues that plaintiff should be prohibited from seeking fees for the efforts expended in prosecuting those claims in the event she is successful with her new claim in the amended complaint. Defendant asserts that it would be prejudiced if the court does not agree to the foregoing. Defendant's argument is premature and premised on too many "what-if" theories. As discussed above, plaintiff's amendments are not unduly delayed or unduly prejudicial. The court denies plaintiff's request to deny plaintiff the right to seek attorneys' fees if she is successful with her amended claim, which is based on information she learned recently.

Futility. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[29] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[30] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the

---

[29] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[30] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

court determines the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.[31]  "The party opposing the proposed amendment bears the burden of establishing its futility."[32]

The court concludes defendant's arguments regarding futility are issues that should be addressed at a later stage of the case.  Discovery is still ongoing and defendants have until March 3, 2015 to file dispositive motions.  The court would prefer to address all dispositive arguments in a single dispositive motion.  This approach conserves judicial resources and prevents the procedural posture of this case from getting unnecessarily complicated.  Based on these procedural concerns, and because plaintiff's amendments do not appear clearly frivolous, the court exercises its discretion and grants plaintiff leave to file the amended compliant attached to this motion.

To be clear, the undersigned is <u>not</u> ruling that these amendments necessarily will survive a motion to dismiss or a motion for summary judgment.  Rather, the undersigned is allowing the amendment.  A comprehensive legal analysis and decision is deferred until a subsequent dispositive motion.  That is a decision that—if any such motion is filed by defendant—will be made by Judge Melgren.

---

[31] *See Id.*; *see also Green v. Auto Pro of Okla. LLC*, 345 F. App'x 339, 342 (10th Cir. 2009) (discussing motion to dismiss standard).

[32] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

Accordingly, consistent with the long-standing policy that leave to amend should be freely given under the discovery rules contained in the Federal Rules of Civil Procedure, the court grants plaintiff's motion for leave to file an amended complaint **(ECF doc. 19)**. Plaintiff shall file her amended complaint by **December 5, 2014.**

IT IS SO ORDERED.

Dated December 1, 2014 at Kansas City, Kansas.


                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U. S. Magistrate Judge